IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ADVANCED CARD TECHNOLOGIES LLC,  )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-07-1269-D
                                  )
HARVARD LABEL INC., *et al.*,     )
                                  )
            Defendants.           )

## **O R D E R**

This matter comes before the Court for disposition of Defendant Harvard Label, Inc.'s Motion to Dismiss for Lack of Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer [Doc. No. 9]. Defendant seeks either a dismissal of the case under Fed. R. Civ. P. 12(b)(2) and (3) or a transfer of venue under 28 U.S.C. § 1404(a).[1] By Order of February 21, 2008, the Court deferred a ruling on the Motion and granted Plaintiff's request to conduct limited discovery regarding facts to establish personal jurisdiction and venue in this district. *See* Order 2/21/08 [Doc. No. 26] ("February 21 Order") at 7. Following the completion of jurisdictional discovery, Plaintiff has supplemented its response in opposition to the Motion [Doc. Nos. 47, 68], and Defendant has replied [Doc. Nos. 54-55, 69]. The matter is thus fully at issue.

As recited in the February 21 Order, Plaintiff is a New York limited liability company with its principal place of business in the State of New York. Defendant is a California corporation with its principal place of business in the State of California. Plaintiff asserts claims of patent infringement based on its ownership of U.S. Patent Nos. 5,720,158 and 5,921,584 for an information card and display package and methods of manufacturing the display package and delivering a card

---

[1] All references to "Defendant" mean Harvard Label, Inc. Plaintiff has voluntarily dismissed a second defendant, Gemini Card LLC. *See* Stipulation of Dismissal [Doc. No. 34].

to a customer. By the First Amended Complaint, filed subsequent to the February 21 Order, Plaintiff invokes subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship) and 28 U.S.C. § 1338(a) (patent enforcement). Plaintiff alleges in support of personal jurisdiction that Defendant has "placed or caused to be placed infringing products into the stream of commerce by knowingly shipping products into this district for ultimate sale to consumers in this district" and has "induced others to place infringing products into the stream of commerce by knowingly shipping infringing products into this district for ultimate sale to consumers in this district." *See* First Am. Compl. [Doc. 28], ¶ 9. Plaintiff alleges venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and proper under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and established a place of business here. *See* First Am. Compl. [Doc. 28], ¶ 10.

**Personal Jurisdiction**

The factual basis of Defendant's Motion and the legal standard and framework for resolving the jurisdictional issues are fully set forth in the February 21 Order. Briefly stated, Defendant has presented affidavits and arguments to show that it does no business and has no customers in Oklahoma, has not specifically targeted any advertising or marketing materials to Oklahoma residents, and does not conduct online transactions or sales through its internet website. In response, Plaintiff has argued its "stream of commerce" theory of personal jurisdiction,[2] and presented evidence to show that Defendant manufactures its card products for a company named InComm that operates a nationwide retail distribution network that includes Oklahoma and that sells card products

---

[2] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) ("The forum State does not exceed its powers . . . if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.").

to consumers in Oklahoma City. Defendant initially disputed these allegations concerning its relationship with InComm and the alleged sales of Defendant's products in Oklahoma.

In view of the holding of *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1322 (Fed. Cir. 2005), that a plaintiff is entitled to jurisdictional discovery when the factual record is inadequate to determine issues presented by a stream-of-commerce theory of jurisdiction, the Court previously determined that Plaintiff should receive an opportunity to develop evidence regarding Defendant's presence in Oklahoma.[3] In making that determination, the Court found that Plaintiff had demonstrated "Defendant's use of an established distribution channel – InComm's network of retail outlets – that likely results in the flow of Defendant's products to Oklahoma," but had not established "the card products sold by InComm in Oklahoma were manufactured by Defendant" and had not shown "the sort of 'additional conduct' suggested by the Federal Circuit in *Commissariat*." *See* Order 2/21/08 [Doc. 26] at 5-6.

Plaintiff's supplemental submissions include discovery materials, deposition testimony, affidavits, and documentary evidence. Defendant also has submitted deposition testimony for consideration. The supplemental record establishes the following additional facts, which are not disputed: Defendant manufactures the card products at issue and ships them to two distributors, InComm and IDT Telecom, Inc. ("IDT), which have principal places of business in Georgia and New Jersey respectively; Defendant supplies these distributors by shipping its card products to distribution centers in thirteen states other than Oklahoma; both distributors have nationwide distribution networks involving retail companies that sell Defendant's card products to consumers;[4]

---

[3] The parties have previously agreed that the jurisdictional issue should be decided under the law of the Federal Circuit. *See* Order 2/21/08 [Doc. 26] at 5.

[4] Although Defendant criticizes the quality of Plaintiff's evidence regarding the distributors' networks, which utilizes information published on the Internet, only a prima facie showing of

during Defendant's relationship with InComm from 2004 to present, Defendant has sold more than 137.8 million cards; during Defendant's relationship with IDT from 2006 to present, Defendant has sold 4.65 million cards; as one example, Defendant's products are available for purchase and sold at Walgreens stores in Oklahoma; as to Walgreens, the distribution process involves Defendant's receipt of a purchase order from the distributor and Defendant's shipment of products bearing the "Walgreens" name directly to Walgreens distribution centers; Defendant has a written vendor agreement with InComm that has no geographical limit; Defendant's relationship with IDT derives from purchase orders and a written nondisclosure agreement; Defendant has no sales agents serving Oklahoma and no control over where its products are distributed or sold after the initial shipment; Defendant's card products are not designed specifically for Oklahoma; and Defendant does not direct any advertising or marketing of its products to Oklahoma.

On the existing record, the Court finds that Defendant's accused products are sold in Oklahoma and that Defendant distributes its products in a way that results in the regular and anticipated flow of products to Oklahoma. Therefore, Plaintiff has made a sufficient showing of personal jurisdiction under the stream-of-commerce theory approved by the concurring opinions in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987). It is less clear, however, that Plaintiff has made a sufficient showing if the theory requires "additional conduct" of the defendant "purposefully directed toward the forum State" as described in the plurality opinion of *Asahi*. *See id*. at 112 (O'Connor, J.) (requiring conduct indicating the defendant's "intent or purpose to serve the market in the forum State"). As noted in the Court's February 21 Order, the Federal Circuit declined in *Commissariat* to address the issue of whether to adopt Justice O'Connor's

---

personal jurisdiction is required at this juncture. *See* Order 2/21/08 [Doc. No. 26] at 3-4.

"additional conduct" requirement on an inadequate factual record. Upon consideration of the issue on the record now presented in this case, the Court finds the Federal Circuit's earlier decision in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994), is instructive.

In *Beverly Hills Fan*, the Federal Circuit found the conduct of a manufacturer who shipped its products through intermediaries for ultimate sale to consumers in the United States was sufficient to establish jurisdiction for a patent infringement action in a state where the accused products were sold. The court found specific jurisdiction in the forum based on allegations and affidavits "that defendants purposefully shipped the accused [product] into [the forum state] through an established distribution channel" and the "action for patent infringement is alleged to arise out of these activities." *Id.* at 1565. The finding was based on the following "necessary ingredients for an exercise of jurisdiction consonant with due process: defendants, acting in consort, placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Id.* at 1566. The connection to the forum state included an ongoing, intentional relationship (through intermediaries) with a retailer in the forum and sales of the products to the retailer's customers. *Id.* at 1564. The court observed: "From these ongoing relationships, it can be presumed that the distribution channel formed by defendants and [the retailer] was intentionally established, and that defendants knew, or reasonably could have foreseen, that a termination point of the channel was [the forum state]." *Id.*

Similarly here, Defendant through its distributors placed its accused products in the stream of commerce. Defendant knew the likely destinations of its products were the states served by its distributors and the distribution centers to which Defendant made shipments. Under the evidence of record, Defendant's conduct included making card products that bear the names of InComm, IDT,

5

and retail merchants (such as Verizon Wireless and Walgreens) for sale to consumers. As to Walgreens, Defendant's conduct included shipping the cards directly to the retailer's regional distribution centers. The Court thus concludes that Defendant's connection to Oklahoma included an ongoing, intentional relationship through intermediaries with a retailer in the forum (Walgreens) and sales of Defendant's products to customers in Oklahoma. Defendant knew or reasonably could have foreseen that Oklahoma was a termination point of the distribution chain and a point of sale of its products. Thus, Defendant reasonably could have anticipated being sued for patent infringement in Oklahoma. In short, the Court finds that Plaintiff has adequately shown, for purposes of defeating Defendant's dismissal motion, the existence of specific jurisdiction in Oklahoma.

In addition to satisfying the "minimum contacts" standard, due process requires a finding that an exercise of jurisdiction over Defendant is reasonable. Personal jurisdiction is unreasonable where "the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at 1568; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (discussing considerations that might render jurisdiction unreasonable). In its opening brief, Defendant argued that neither Plaintiff nor Oklahoma have any interest in litigating the case here and the burden on Defendant of defending a lawsuit in Oklahoma would be severe because it has no presence here and because all its witnesses, records, and evidence are located in California. The Court is unconvinced. Oklahoma has a significant interest in providing redress for alleged patent infringement occurring within the state, and Plaintiff's interest in litigating the case in Oklahoma arises from the residence here of the inventor and the original patentee, who are not parties to the case. Oklahoma is not so remote from California nor inaccessible by modern

technology and transportation that the burden to Defendant clearly outweighs these interests. Therefore, the Court finds that its exercise of personal jurisdiction over Defendant in this case is not unreasonable.

For these reasons, Defendant's Rule 12(b)(2) motion will be denied.

## Venue

Like personal jurisdiction, the parties' contentions and the applicable legal standards regarding venue are set forth in the February 21 Order. *See* Order 2/21/08 [Doc. 26] at 6.[5] The Court previously deferred ruling on this issue because Plaintiff's initial response did not show that the alleged infringing sales of card products in Oklahoma included products manufactured by Defendant. In view of the findings set forth above, Plaintiff has now made such a showing and established that this judicial district is a proper venue for this action. Therefore, Defendant's Rule 12(b)(3) motion will be denied.

## Permissive Transfer

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1990). The court of appeals has identified these factors to be considered:

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the

---

[5] After entry of the February 21 Order, Plaintiff amended its pleading to add a basis of venue argued in its brief but not alleged in its Complaint, 28 U.S.C. § 1400(b). Defendant understandably did not address this provision in its Motion; it also has not addressed this additional basis of venue in its supplemental filings.

7

> necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

A careful review of these factors reveals that only one arguably weighs against retaining the case in Oklahoma, that is, accessibility of witnesses and sources of proof. However, Defendant has not identified any potential witness who will be outside the subpoena power of the Court or any evidence that cannot be transported here. Thus, the issue is one of convenience to the parties and witnesses. The situation presented is a common one where some witnesses are located here and some are not. The fact Plaintiff prefers this forum is a weighty factor. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) ("unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed"). The witnesses located here are nonparty witnesses aligned with Plaintiff who cannot be compelled to travel to California. Further, Defendant provides no support for its argument that California is just as convenient as Oklahoma for these witnesses because they also have a residence in Arizona. In short, giving due consideration to all relevant factors addressed by the parties, the Court finds that Defendant has failed to justify a transfer of venue in the interest of convenience and fairness.

## **Conclusion**

For the above reasons, the Court finds the existence of personal jurisdiction and venue for Plaintiff's patent infringement action in this district. Thus, the case will not be dismissed. The Court further finds that a transfer of the case pursuant to 28 U.S.C. § 1404(a) is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer [Doc. No. 9] is DENIED in all respects.

IT IS SO ORDERED this 6th day of October, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE