IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADVANCED CARD TECHNOLOGIES LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-07-1269-D ) |
| HARVARD LABEL INC., *et al.*, | ) ) |
| Defendants. | ) |

# **O R D E R**

This matter comes before the Court for review of the Order Granting Defendant's Motion to Compel [Doc. No. 112], issued by United States Magistrate Judge Valerie K. Couch on November 4, 2009. Plaintiff has filed a timely objection pursuant to 28 U.S.C. § 636(b)(1) and LCvR72.1, requesting review or reconsideration only of the part of the Order that granted Defendant's request for an award of expenses under Fed. R. Civ. P. 37(a)(5). Because the Order concerns a pretrial matter that Judge Couch was authorized to decide, the Court's review is limited to determining whether Plaintiff has shown that the challenged ruling is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Judge Couch found, for reasons explained in her Order, that Plaintiff's failure to respond fully to Defendant's Interrogatory No. 2 and failure to present sufficient assurances that a thorough search for documents had been made, was not substantially justified. Judge Couch further found no other circumstances that would make an award of expenses unjust. Thus, Judge Couch ruled that an award of expenses to Defendant is appropriate and required under Fed. R. Civ. P. 37(a)(5)(A), and ordered Plaintiff to pay Defendant its reasonable expenses incurred in making the motion, including attorneys' fees, in an amount to be determined.

Plaintiff has filed a voluminous objection, accompanied by numerous exhibits, designed to show that any award is improper because (1) Plaintiff's objection or response to Interrogatory No. 2 was substantially justified, (2) Defendant allegedly failed to meet and confer in good faith to obtain the requested information, and (3) Plaintiff and its predecessors-in-interest had already conducted diligent searches for documents. In support of these contentions, Plaintiff presents additional arguments concerning the merits of its position on the discovery issues decided by Judge Couch and argues that the law did not clearly require Plaintiff to further respond to Interrogatory No. 2 or attest to the diligence of prior searches for documents, as ordered by Judge Couch. Plaintiff also contends that an award is precluded by Rule 37(a)(5)(A)(i) because Defendant's effort to obtain the requested information without court action was inadequate.

Upon consideration of the case record, the transcript of the hearing conducted by Judge Couch, and Plaintiff's objection, the Court finds that Plaintiff has not shown Judge Couch's order for payment of expenses to be clearly erroneous or contrary to law. First, the Court declines to consider new arguments and issues presented for the first time in objection to Judge Couch's Order. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Plaintiff's written response to the motion to compel included only a conclusory statement that "costs are not appropriate because ACT's position in opposing Harvard's motion is substantially justified." *See* Pl.'s Br. Opp'n Def.'s Mot. Compel [Doc. No. 96] at 16. When given an opportunity to address the issue at the hearing, Plaintiff's counsel argued only that Plaintiff's position was reasonable under extant case law and the facts of this case. *See* Hr'g Tr. at 46-49. Judge Couch disagreed with Plaintiff's position on this issue, and despite Plaintiff's vociferous objection, the Court finds no clear error in her conclusion. Therefore, this part of Judge Couch's Order must stand.

2

IT IS THEREFORE ORDERED that Plaintiff's Objection to the Order Granting Defendant an Award of Expenses Related to Defendant's Motion to Compel [Doc. No. 132] is overruled, and Judge Couch's Order Granting Defendant's Motion to Compel [Doc. No. 112] is affirmed. The parties shall comply with Judge Couch's instructions regarding resolution of the amount of the fee award, as further ordered by Judge Couch.

IT IS FURTHER ORDERED that Defendant Harvard Label, Inc.'s Request for Leave to File a Response to Plaintiff's Objection [Doc. No. 148] is denied as moot.

IT IS SO ORDERED this 21st day of December, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE