## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ADVANCED CARD TECHNOLOGIES LLC, )
a New York limited liability company, )
                               )
      Plaintiff,                  )
                               )
v.                                 )    Case No. CIV-07-1269-D
                               )
HARVARD LABEL, INC., a California    )
Corporation, and              )
ONE STOP PLASTIC CARD, INC., a   )    **COMPLAINT FOR PATENT**
California Corporation         )    **INFRINGEMENT**
                               )
      Defendants.            )    **JURY TRIAL DEMANDED**

## THIRD AMENDED COMPLAINT

Advanced Card Technologies LLC ("ACT"), by and through its undersigned attorneys, for its Third Amended Complaint herein allege, on personal knowledge as to its own activities, and on information and belief as to the activities of others, as follows:

### BACKGROUND

1.     This is an action for infringement of U.S. Patent Nos. 5,720,158 (the "'158 patent") and 5,921,584 (the "'584 patent"). The '158 and '584 patents may be referred to collectively as the "Patents". The Patents generally relate to one-piece card products in which a card including a magnetic stripe breaks away from a carrier. Such products are widely used for phone cards, gift cards, and other types of cards.

2.     The inventor of the Patents is Ron E. Goade, Sr. Mr. Goade is the manager of REG Oklahoma Acquisitions, L.L.C., d/b/a SSI Technologies ("SSI"), located in

Edmond, Oklahoma. SSI is one of the nation's premier manufacturers of card products covered by the Patents.

3. Prior to June 2003, SSI owned the Patents and attempted to license them to infringers thereof. SSI was successful in licensing some major manufactures of plastic card products. However, the financial, personnel, and other resources required to enforce and/or license the Patents against numerous and much larger parties was too much for SSI to handle. Therefore, in June 2003, ACT was formed for the purpose of licensing and enforcing the Patents. To affect this purpose, SSI transferred all right, title, and interest in the Patents to ACT. SSI continues to have a significant stake in the Patents and the outcome of this litigation by virtue of its ownership interest in ACT.

4. The licensing efforts of SSI and ACT have been quite successful. There currently are twenty-seven (27) licensees under the Patents, which include some of the largest companies in the card industry. These licensees produce and pay royalties on one-piece card products that are virtually identical to those produced by Defendants.

## PARTIES

5. Plaintiff Advanced Card Technologies, LLC, is a New York limited liability company with its principal place of business located at 75 Montebello Road, Suffern, New York 10901.

6. Defendant Harvard Label, Inc. ("Harvard") is a California corporation with its principal place of business located at 4731 Fruitland Avenue, Vernon, California 90058.

7.    Defendant One Stop Plastic Card, Inc. ("One Stop") is a California corporation with its principal place of business located at located at 4731 Fruitland Avenue, Vernon, California 90058

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332(a) because this is a controversy between citizens of different states in which the damages exceed $75,000, and pursuant to 28 U.S.C. § 1338(a) because this controversy involves the infringement of two U.S. patents.

9.    Defendants have placed or caused to be placed infringing products into the stream of commerce by knowingly shipping products into this district for ultimate sale to consumers in this district.  Defendants have also induced others to place infringing products into the stream of commerce by knowingly shipping infringing products into this district for ultimate sale to consumers in this district.

10.    Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred and pursuant to 28 U.S.C. § 1400(b) because this is a judicial district where the Defendants have committed acts of infringement and have a regular and established place of business.

## FIRST CLAIM FOR RELIEF

11.    ACT repeats and realleges paragraphs 1 through 10 with the same force and effect as if fully set forth herein.

12.    On February 24, 1998, the '158 patent was duly and legally issued for an invention entitled "Information Card Package". Commencing in November 5, 2002, the '158 patent became the subject of extensive and thorough reexamination proceedings in the United States Patent and Trademark Office which lasted almost three years. On September 27, 2005, the United States Patent and Trademark Office issued a reexamination certificate for the '158 patent. A copy of the original '158 patent and its reexamination certificate are attached as Exhibits 1 and 2 to Plaintiff's Original Complaint, respectively.

13.    Plaintiff ACT is the owner of all right, title and interest in and to the reexamined '158 patent and has the right to sue and collect damages for the past infringement thereof.

14.    Harvard has infringed and continues to infringe claims of the reexamined '158 patent by making, selling, and offering for sale, without permission from Plaintiff, one-piece card products in which a card including a magnetic stripe breaks away from a carrier.

15.    One Stop has infringed and continues to infringe, directly and/or indirectly, claims of the reexamined '158 patent by making, selling, and offering for sale, without permission from Plaintiff, one-piece card products in which a card including a magnetic stripe breaks away from a carrier, and/or by supplying or by selling a material component of the one-piece card products, knowing it to be especially made for use in an infringement and not a staple article of commerce suitable for substantial non-infringing use, and by actively inducing infringement of the '158 patent.

4

16.    Defendants' infringement of the '158 patent have been willful and deliberate.

## SECOND CLAIM FOR RELIEF

17.    ACT repeats and realleges paragraphs 1 through 16 with the same force and effect as if fully set forth herein.

18.    On July 13, 1999, the '584 patent was duly and legally issued for an invention entitled "Card Display Package". Commencing in November 5, 2002, the '584 patent became the subject of extensive and thorough reexamination proceedings in the United States Patent and Trademark Office which lasted more than three years. On November 15, 2005, the United States Patent and Trademark Office issued a reexamination certificate for the '584 patent. A copy of the original '584 patent and its reexamination certificate are attached as Exhibits 3 and 4 to Plaintiff's Original Complaint, respectively.

19.    Plaintiff ACT is the owner of all right, title and interest in and to the reexamined '584 patent and has the right to sue and collect damages for the past infringement thereof.

20.    Harvard has infringed and continues to infringe claims of the reexamined '584 patent by making, selling, and offering for sale, without permission from Plaintiff, one-piece card products in which a card including a magnetic stripe which breaks away from a carrier.

21.    One Stop has infringed and continues to infringe, directly and/or indirectly, claims of the reexamined '584 patent by making, selling, and offering for sale, without

5

permission from Plaintiff, one-piece card products in which a card including a magnetic stripe which breaks away from a carrier, and/or by supplying or by selling a material component of the one-piece card products, knowing it to be especially made for use in an infringement and not a staple article of commerce suitable for substantial non-infringing use, and by actively inducing infringement of the '584 patent.

22.    Defendants' infringement of the '584 patent have been willful and deliberate.

WHEREFORE, Plaintiff ACT demands judgment:

      (a)    that Plaintiff is the owner of the Patents, and that the Plaintiff has the right to sue and to recover for infringement thereof;

      (b)    that Defendants have infringed the Patents;

      (c)    that Plaintiff's Patents are valid and enforceable;

      (d)    a preliminary and permanent injunction against Defendants, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the Patents;

      (e)    an accounting for damages under 35 U.S.C. §284 for infringement of the Patents and an award of damages so ascertained to Plaintiff, together with interest as provided by law;

(f)     a finding that Defendants are willful infringers, and an award of treble damages to Plaintiff pursuant to 35 U.S.C. §284;

(g)     an award of reasonable attorney's fees to Plaintiff pursuant to 35 U.S.C. §285;

(h)     an award of Plaintiff's costs and expenses; and

(i)     such other and further relief as this Court may deem just.

**JURY TRIAL DEMANDED**.

Dated this 15th day of January, 2010.

Respectfully submitted,

/s/  Greg A. Castro
Greg A. Castro (OBA #11787)
Regina M. Marsh (OBA # 20272)
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS P.C.
100 North Broadway, Suite 1700
Oklahoma City,  OK 73102-8820
Telephone: (405) 232-0621
Facsimile:  (405) 232-9659
E-mails:  gcastro@fellerssnider.com
          rmarsh@fellerssnider.com

Paul J. Lerner
General Patent Corporation
Montebello Park
75 Montebello Road
Suffern, NY  10901
Telephone: (845) 368-4000
Facsimile: (845) 368-8770

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrants: Terry W. Tippens, Thomas G. Wolfe, Regina M. Marsh, Jason M. Kreth, Paul J. Lerner, G. Warren Bleeker, and S. Art Hasan.

/s/ Greg A. Castro
*Attorney for Plaintiff*

513419/00608

8