IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADVANCED CARD TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1269-D |
| | ) | |
| HARVARD LABEL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff Advanced Card Technologies LLC's Motion to Reconsider the Court's Order Affirming Magistrate's Order, filed December 31, 2009. Plaintiff moves for relief under Fed. R. Civ. P. 59(e) from the Order of December 21, 2009, which affirmed Judge Couch's ruling on a motion to compel discovery and, specifically, her finding that Plaintiff's position was not substantially justified. Defendant Harvard Label, Inc. has timely opposed the Motion to Reconsider, and the time for filing a reply brief has expired.

Rule 59 does not apply to interlocutory orders, such as the December 21 Order; it authorizes relief only from a judgment or final order. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). A district court has discretionary power, however, to revise interlocutory orders at any time before the entry of a final judgment. *Riggs*, 927 F.2d at 1148; *Anderson*, 852 F.2d at 1246; Fed. R. Civ. P. 54(b). The question is whether a sufficient reason exists to justify such relief.

> Proper grounds for reconsideration of a prior ruling are extremely limited.
>
> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the

controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The only argument presented in support of Plaintiff's Motion that would provide a proper basis for reconsideration of the December 21 Order is Plaintiff's contention "that the Court misapprehended the facts surrounding the presentation of very important arguments establishing the substantial justification of [Plaintiff's] position . . . ." *See* Pl.'s Motion [Doc. 161] at 2. Plaintiff contends the Court overlooked an argument Plaintiff presented during the hearing conducted by Judge Couch on Defendant's motion to compel. Plaintiff is incorrect. The Court expressly stated in the December 21 Order that it had considered the transcript of the hearing, which was presented as an exhibit to Plaintiff's objection to Judge Couch's ruling, and the Court specifically cited the portion of the transcript that Plaintiff claims was overlooked. *See* Order 12/21/09 [Doc. No. 155] at 2 (citing H'rg Tr. at 46-49). The Court did not misapprehend the facts or Plaintiff's position; it simply rejected Plaintiff's argument. The Court finds no basis for reconsideration of its Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider [Doc. No. 161] is DENIED.

IT IS SO ORDERED this 8th day of February, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE