IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ADVANCED CARD TECHNOLOGIES LLC, )
a New York limited liability company, )
                                )
             Plaintiff, )
                                )
vs. )      Case No. CIV-07-1269-D
                                )
HARVARD LABEL, INC., a California )
corporation, and ONE STOP PLASTIC )
CARD, INC., a California corporation, )
                                )
             Defendants. )
_____ )
HARVARD LABEL, INC., a California )
corporation, and ONE STOP PLASTIC )
CARD, INC., a California corporation, )
                                )
             Counterclaimants, )
                                )
     v. )
                                  )
ADVANCED CARD TECHNOLOGIES LLC, )
a New York limited liability company, )
                                )
             Counterdefendant. )

**REPLY OF ADVANCED CARD TECHNOLOGIES LLC
TO HARVARD LABEL, INC.'S COUNTERCLAIMS**

Plaintiff/Counterdefendant, Advanced Card Technologies LLC ("ACT"), for its

reply to the Counterclaims filed by Defendant/Counterclaimant Harvard Label, Inc.

("Harvard Label") [DKT. #186], generally denies each and every material allegation,

except those hereinafter specifically admitted, and answers the numbered paragraphs as

follows:

1.      ACT neither admits nor denies the allegations contained in paragraph 1 of the Counterclaims as it requires no response.

2.      ACT admits the allegations contained in paragraph 2 of the Counterclaims, except for the allegation that Defendants' Counterclaims exceed $75,000.00 exclusive of interest and costs.

3.      ACT admits the allegations contained in paragraph 3 of the Counterclaims.

4.      ACT admits the allegations contained in paragraph 4 of the Counterclaims.

5.      ACT admits the allegations contained in paragraph 5 of the Counterclaims.

6.      ACT neither admits nor denies the allegations contained in paragraph 6 of the Counterclaims.

7.      ACT denies the allegations contained in paragraph 7 of the Counterclaims.

8.      ACT admits the allegations contained in paragraph 8 of the Counterclaims.

9.      ACT admits that it has asserted the '158 Patent and '584 Patent against Harvard Label.  ACT denies the remaining allegations contained in paragraph 9 of the Counterclaims.

10.     ACT admits that it will continue to charge that Harvard Label makes, has made, used, offered to use, sold, offered to sell, or imported products that infringe or are infringing the '158 Patent and '584 Patent.  ACT denies the remaining allegations contained in paragraph 10 of the Counterclaims.

11.     ACT denies the allegations contained in paragraph 11 of the Counterclaims.

12.     ACT denies the allegations contained in paragraph 12 of the Counterclaims.

13.    ACT admits that an actual controversy exists between Harvard Label and ACT.  ACT also admits that it has sued Harvard Label for alleged infringement of the '158 Patent and '584 Patent.  ACT denies the remaining allegations contained in paragraph 13 of the Counterclaims.

14.    ACT admits that it has asserted the '158 Patent and '584 Patent against Harvard Label.  ACT denies the remaining allegations contained in paragraph 14 of the Counterclaims.

15.    ACT admits the allegations contained in paragraph 15 of the Counterclaims insofar as it is alleging that ACT will continue to charge that Harvard Label has made, used, sold, offered to sell, or imported products that have infringed or are infringing the '158 Patent and '584 Patent.  ACT denies the remaining allegations contained in paragraph 15 of the Counterclaims.

16.    ACT denies the allegations contained in paragraph 16 of the Counterclaims.

17.    ACT denies the allegations contained in paragraph 17 of the Counterclaims.

18.    ACT admits the allegations contained in paragraph 18 of the Counterclaims insofar as it is alleging that an actual controversy exists between Harvard Label and ACT and that ACT has sued Harvard Label for infringement of the '158 Patent and '584 Patent.  ACT denies the remaining allegations contained in paragraph 18 of the Counterclaims.

19.    ACT admits the allegations contained in paragraph 19 of the Counterclaims insofar as it is alleging that ACT has asserted infringement of the '158 Patent and '584

Patent against Harvard Label. ACT denies the remaining allegations contained in paragraph 19 of the Counterclaims.

20.    ACT admits the allegations contained in paragraph 20 of the Counterclaims insofar as it is alleging that ACT will continue to charge that Harvard Label has made, used, sold, offered to sell, or imported products that infringe or are infringing the '158 Patent and the '584 Patent. ACT denies the remaining allegations contained in paragraph 20 of the Counterclaims.

## AFFIRMATIVE DEFENSES
## AND MATTERS CONSTITUTING AVOIDANCE

1.    The allegations contained in Harvard Label's Counterclaims fail to state a claim upon which relief can be granted.

2.    Harvard Label's claims are barred by the doctrines of laches, estoppel and/or waiver.

3.    Harvard's request for a declaration of non-infringement should be denied because its cards infringe the identified claims of the '158 Patent and the '584 Patent.

4.    ACT expressly reserves the right to amend its Reply to assert additional affirmative defenses as discovery warrants.

WHEREFORE, having fully replied to the Counterclaims filed by Harvard, ACT prays that:

a.    Harvard take nothing by its Counterclaims;

b.    A judgment be entered on behalf of ACT declaring that the '158 Patent and the '584 Patent are valid and have been infringed by all Defendants;

- 4 -

c.      A judgment be entered on behalf of ACT on all of its claims for

infringement;

d.      ACT be awarded actual, consequential, and statutory damages and all other

affirmative relief allowed by law; and

e.      ACT be awarded its costs and expenses, including reasonable attorney's

fees.

Respectfully submitted,

/s/  Greg A. Castro
Greg A. Castro (OBA #11787)
Regina M. Marsh (OBA #20272)
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK  73102-8820
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
E-mails:  gcastro@fellerssnider.com
              rmarsh@fellerssnider.com

Terry L. Watt (OBA #16745)
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
321 South Boston, Suite 800
Tulsa, OK  74103-3318
Telephone:  (918) 599-0621
Facsimile:  (918) 583-9659
E-mail:  tlwatt@fellerssnider.com

Phillip L. Free, Jr. (OBA #15765)
CROWE & DUNLEVY
20 North Broadway, Suite 1800
Oklahoma City, OK   73102-8296
Telephone:  (405) 235-7700
Facsimile:  (405) 239-6651
E-mail:  freephil@crowedunlevy.com

Paul J. Lerner
General Patent Corporation
Montebello Park
75 Montebello Road
Suffern, NY   10901

*Attorneys for Plaintiff/Counterdefendant*
*Advanced Card Technologies LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:  G. Warren Bleeker, Jason M. Kreth, Paul J. Lerner, Regina M. Marsh, S. Art Hasan, Terry L. Watt, Terry W. Tippens, Phil L. Free and Thomas G. Wolfe.

/s/   Greg A. Castro
*Attorney for Advanced Card Technologies LLC*

#517993

- 6 -